Brooke, J.
I concur entirely in the opinion of Judge Daniel. His view of the English cases is very satisfactory on the rule as to the administration of the assets of a deceased partner of a mercantile firm, to confine the joint creditors in the first instance to the joint funds of the firm, and the separate creditors to the separate estate of the deceased partner; and when either of the funds are exhausted, giving to the creditors of the firm recourse to the surplus of the separate estate, and to the separate creditors recourse to the surplus of the joint fund. Nor does it appear from the cases that this rule was borrowed from the rule established in bankruptcy. On the contrary, it seems to have been borrowed by the commissioners in bankruptcy from the rule in equity in the administration of the assets of an intestate, that where there are one or more creditors having two funds to resort to, and others but one, those having two funds will be compelled to resort first to the fund to which other creditors have no recourse. Nor is this an inequitable rule, for at law a separate creditor of one of a firm may get a judgment against his debtor and have an execution against and sell the portion of his debtor in the joint stock of the firm.
I concur, also, with Judge Daniel, that this rule has been adopted in the case of M’Cullough v. Sommerville, 8 Leigh 415, which ought not now to be disturbed. A case upon the authority of which the Chancellor in this *345 case, gave the instruction to the commissioner on whose report the decree is based.
On these grounds, I think the decree on this point ought to he affirmed. On the other points, I concur in the decree which is to be entered.
Cabell, P. concurred entirely in the opinion of Allen, J.
The decree was as follows :
The Court being equally divided in opinion upon the question presented by the instruction given by the Judge in vacation to the master commissioner, “ that joint or partnership creditors were not entitled to credit out of the separate estate of a partner until separate creditors wore paid:” so much of said decree as conforms to said instruction is, in pursuance of the act of assembly in such case made and provided, affirmed.
The Court is further of opinion that there is no error in so much of said decree as sustains the 1st exception of the appellee Rice Morris, to the commissioner’s report for the allowance of commissions to T. Morris as adm’r of Samuel Morris deceased, and overrules the 2d exception of the appellee Rice Morris,
The Court is further of opinion that there is no error in so much of said decree as ascertains the priority of the claim of Rice Morris as adm’r de bonis non of Samuel Morris deceased to satisfaction out of the assets of said Tandy Morris deceased, and renders a decree in his favour for the amount ascertained to be due against said B. Staples adm’r with the will annexed of said Tandy Morris deceased, and the securities of said Staples in his official bond; for although said decree should in strictness have been rendered in favour of the distributees of said Samuel Morris deceased, instead of his administrator de bonis non, yet as said distributees were parties to the suit, and have not complained, and being *346 parties, a payment of the decree to the administrator de bonis non would be a valid discharge to the administrator of Tandy Morris, the irregularity is one which cannot prejudice him, and therefore one of which he cannot complain.
The Court is further of opinion that there is no error in so much of said decree as overruled the exceptions of the appellant Staples, to the statements of the commissioner marked B and C; or as directed the said Staples to render further accounts, or as decreed a sale of the real estate descended ,• the same having been made at the request of the appellant with the assent of all interested ; nor in any other part of said decree except so far as the same may be hereinafter declared to be erroneous.
But the Court is of opinion the said decree is erroneous in overruling the appellant’s 1st exception to the statement of the account of the appellant Staples, as administrator with the will annexed of Tandy Morris deceased. A settlement of the mercantile account being necessary in order to a just disposition of the equitable assets arising from the sale of the realty, and to ascertain the amount of assets in the hands of said administrator he was entitled to retain on account of claims of equal or superior dignity to those of the separate creditors of said Tandy Morris deceased. The Court is further of opinion the said decree is erroneous in overruling the 3d exception to said statement for failing to credit the administrator with a moiety of the bond paid to Bagwell, Smith & Hanna; as having paid the same, he has a right to be substituted to the rights of the creditor paid, and to retain the same against all claims of po higher dignity.
The Court is further of opinion that said decree is erroneous in overruling the 5th exception to said statement, as the agreement to advance the 1000 dollars constituted a claim by specialty ; and if upon settlement of the partnership accounts it should turn ojut that the same was never advanced, is still due, and necessary to *347 the payment of partnership debts, the surviving partner having paid said debts, would as administrator of the deceased partner, have a right to retain pro tanto against all creditors of equal or inferior degree.
The Court is further of opinion that there is no error in overruling the 2d exception to said statement, nor in overruling the 4th exception to said statement, unless upon the settlement of said mercantile accounts it should appear that some of the claims alluded to in said 4th exception are of the same description with the case of Bagwell, Smith & Hanna.
The Court is further of opinion that so much of said decree as distributes amongst the various creditors of Tandy Morris dec’d, the residue of the sum of 2315 dollars and 30 cents, after deducting the sum of 512 dollars and 4;} cents, decreed to Rice Morris adm’r de bonis non as aforesaid, and gives to said various creditors particular decrees against said B. Staples as administrator with the will annexed of T. Morris deceased, and the securities of said Staples in his official bond, for the respective proportions of the residue of said sum of 2315 dollars and 30 cents, ascertained to be coming to each of said creditors, was erroneous; as until the accounts required by the decision of this Court upon the exceptions aforesaid are duly taken, it cannot appear whether the said Staples as administrator with the will annexed of said Tandy Morris will not be entitled to retain against all the creditors, (except said Rice Morris adm’r de bonis non as aforesaid, as to whom said decree is affirmed,) the greater part if not the whole amount of the assets ascertained by the report to be in his hands.
It is therefore adjudged, ordered and decreed, that said decree, so far as the same is hereinbefore declared to be erroneous, be reversed and annulled, with costs by the appellant against the creditors appellees, and that in all other respects the same be affirmed. And the cause is remanded to be further proceeded in according to the principles of this opinion and decree, in order to a final decree.